UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**
United States Magistrate Judge

U.S. Post Office & Courthouse Bldg.
Federal Square, Newark, NJ  07101
(973) 645-6596

October 21, 2005

David Sager, Esq.
Marc D. Crowley, Esq.
Pitney, Hardin, Kipp & Szuch LLP
P.O. Box 1945
Morristown, New Jersey 07962-1945

## LETTER OPINION & ORDER

RE:   Howard Johnson International, Inc., v. C.C. Host LLP, et al.
      Civil Action No. 05-3604 (FSH)

Dear Counsel:

This matter is before the Court by way of the plaintiff's motion for an order permitting the plaintiff to serve defendant Ranjit Bhakta by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and New Jersey Rule 4:4-4(b)(3).

## BACKGROUND AND RELEVANT FACTS

This case arises from an alleged breach of a settlement agreement, dated April 7, 1997, which plaintiff Howard Johnson International, Inc. entered into with defendant Host LLP and individual defendants, including defendant Bhakta.  (Compl., ¶ 15.)  Although the plaintiff served defendant Bhakta in the first lawsuit, it has been unable to obtain his current address and thus has been unable to serve him in this case.  (Affidavit of Marc D. Crowley, dated September 22, 2005, at ¶¶ 5 & 7 ["Crowley Aff."].)  According to the plaintiff, it attempted to serve the

1

defendant at what it believed to be his last known address at 320 South Highway 77, Robstown, Texas, which is where the plaintiff served the defendant in the first lawsuit.  (Id. at ¶ 4.)  To that end, the plaintiff forwarded copies of the Summons and Complaint to a process server in Texas.  (Id. at ¶ 5.)  On August 3, 2005, the process server attempted to serve the defendant at the Robstown address but the current residents stated that although their last name was Bhakta, they were not related to the defendant and indicated that he had moved to Corpus Christi, Texas to build a hotel with his brother.  (Id. at ¶ 6 & Ex. A.)  Despite what the plaintiff has labeled "additional investigation and inquires," and although the plaintiff was told that the defendant was living in Corpus Christi, the plaintiff has been unable to identify a specific address.  (Id. At ¶ 7.)  Due to their unsuccessful efforts to locate the defendant, the plaintiff now seeks permission to serve him by publication with a notice in a newspaper of general circulation in the Corpus Christi area pursuant to Fed. R. Civ. P. 4(e)(1) and N.J.R. 4:4-4(b)(3).  (Letter of Marc D. Crowley, dated September 23, 2005, at 2.)

## DISCUSSION

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that

> service upon an individual . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located, or in which service is effected,[1]

---

[1] Although Fed. R. Civ. P. 4 (e)(1) permits service pursuant to the law of the state in which service is effected, the plaintiff has not asked the Court to consider its request for service by publication under Texas law.  The Court, however, has considered Texas Rule of Civil Procedure 109, which addresses service by publication.  The Court is convinced that because Texas law, like New Jersey law, requires that a party be unable to personally serve the defendant after exercising due diligence before service by publication can be permitted, Tex. R. Civ. P. 109, the analysis required for a request to grant service by publication under Texas law is practically identical to the analysis under New Jersey law.  Therefore, the Court will only address plaintiff's application under New Jersey law.

> for the service of a summons upon the defendant in an action
> brought in the courts of general jurisdiction of the State.

Fed. R. Civ. P. 4 (e)(1).  Under New Jersey law, personal service is the primary method to serve an individual located within the state.  N. J. R. 4:4-4 (a).  Rule 4:4-4 (b), however, permits substituted service when personal service cannot be effectuated in accordance with Rule 4:4-4 (a).  Substituted service includes service by certified mail, return receipt requested or service as permitted by court order.  See N.J.R. 4:4-4(b)(1), & (3).  With respect to "personal service outside the state," Rule 4:4-4(b)(1) provides that substitute service upon the defendant may be effected if it appears

> by affidavit satisfying the requirements of [Rule] 4:4-5 (c)(2) that
> despite diligent effort and inquiry personal service [within New
> Jersey] cannot be made in accordance with [Rule 4:4-4 (a)]. . .

N.J.R. 4:4-4 (b)(1) & (b)(1)(A).  Rule 4:4-5 (c)(2) requires that an

> affidavit of inquiry shall be made by the inquirer fully specifying
> the inquiry made [as to the defendant's residence], of what persons
> and in what manner, so that by the facts stated therein it may
> appear that diligent inquiry has been made for the purpose of
> effecting actual notice . . . .

N.J.R. 4:4-5 (c)(2).  There is no fixed standard for determining whether a party has exercised diligence.  See Modan v. Modan, 327 N.J. Super. 44, 48-9 (A.D. 2000).  Rather, the Court must conduct a fact sensitive inquiry to determine if diligence has been exercised.  Id.  The requesting party bearing the burden to provide evidence sufficient to establish that diligence was indeed exercised.  See id. at 49 (determining service by publication alone was improper because the plaintiff did not exercise due diligence in attempting to personally serve the defendant where he had received e-mails from the defendant and thus actual notice could have been effectuated

3

through e-mail).  If a diligent inquiry has been established and service cannot be made by any other method, a Court may order an alternative method of substituted service as long as it is "consistent with due process of law." N.J.R. 4:4-4(b)(3);[2] see Jacobs v. Walt Disney World, Co., 309 N.J. Super. 443, 452 (A.D. 1998) (holding "New Jersey's long-arm statute permits service on nonresident defendants subject only to due process of law")(internal quotations omitted).

      In this case, the plaintiff has specifically requested that the Court permit service by publication in a newspaper of general circulation.[3]  Service by publication is generally disfavored because it is unlikely to actually put a potential defendant on notice.  M & D Assoc. v. Mandara, 366 N.J. Super. 341, 353 (A.D. 2004) (citing Modan, 327 N.J. Super. at 48).  Thus, an affidavit in support of an application for service by publication must survive careful scrutiny.  See M & D Assoc., 366 N.J. Super. at 353.  If a defendant is unknown or cannot be located, however, service by publication is a reasonable substitute "where it is not reasonably possible or practicable to give more adequate warning."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950).  Therefore, court ordered service by publication is appropriate only after the plaintiff has

---

[2] Rule 4:4-4 (b)(3) states:
> If service can be made by any of the modes provided by this rule, no court order shall be necessary.  If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process.

N.J.R. 4:4-4(b)(3).

[3] Although New Jersey Rule 4:4-5, provides for alternative service by publication, it application is limited to service on absent defendants in in rem and quasi in rem actions.  N.J.R. 4:4-5 (c); Griffith v. Mercury Marine Div. Of Brunswick Corp., Civ. A. No. 87-3982(AJL), at 4 (D.N.J. June 10, 1988) (unpublished Letter-Opinion and Order of Hon. Ronald Hedges, U.S.M.J.); Gluck v. The Montclair Bd. Of Ed., Civ. A. No. 87-4500(HLS), at 5 (D.N.J. May 19, 1988) (unpublished Report and Recommendation and Order of Hon. Ronald Hedges, U.S.M.J.). Even assuming service by publication pursuant to Rule 4:4-5 was applicable here, such service would only be permitted upon a showing of diligence pursuant to Rule 4:4-5 (c)(2).

demonstrated by affidavit that all of the statutory modes of service have been diligently exhausted without successful service and that all reasonable efforts to locate the defendant have failed.

      Here, the plaintiff has come forward with an affidavit, which generally describes the inquiries the plaintiff made to determine the defendant's whereabouts and the reports of the process server.  The affidavit identifies the location at which the defendant previously resided and that the current residents claim that he no longer resided there.

      The plaintiff's general assertion that it conducted "additional investigation and inquires" regarding the defendant's potential residence in Corpus Christi, however, does not describe the steps taken to obtain the defendant's current address.  For instance, the plaintiff does not indicate whether or not it attempted to locate the defendant through his attorney in the earlier litigation.  Furthermore, in light of the common name between the current Robstown address residents and the defendant and their claimed knowledge about his family, activities, and whereabouts, diligence would suggest several visits to the location to confirm he no longer frequented that house.  Moreover, there is nothing before the Court to show that the plaintiff searched the internet, databases, or publicly available sources for information about the defendant or that the plaintiff even contacted the defendant's employers, other family members or the Post Office to see if he left a forwarding address.  See M&D Associates, 366 N.J. Super at 353-55 (stating inquiry that included search of tax rolls, voting records, and telephone directions was insufficient and suggesting additional efforts such as, database research and certifications from custodians of voting and driving records.)  Finally, although the plaintiff has named as defendants other people who share the defendant's last name, there is nothing before the Court to show that the plaintiff

asked them if they are related to the defendant or know his whereabouts. While this is not an exhaustive list of the steps the plaintiff might have taken to determine the defendant's current address, nor would the completion of each necessarily equate to diligence, there is nothing before the Court to show that the plaintiff diligently took such steps to locate the defendant.[4]

Accordingly, because the affidavit does not sufficiently describe the steps the plaintiff took to determine the defendant's current address nor is there a showing that it exhausted the other modes of service set forth in the Rules, the plaintiff has failed to produce sufficient evidence to show it diligently attempted to serve the defendant pursuant to Rule 4:4-4 (b)(1)(A). As such, the Court cannot find that no mode of service exists under Rule 4:4-4 by which the plaintiff could serve the defendant. See N.J.R. 4:4-4 (b)(3). Therefore, the Court will not permit service by publication.

Moreover, the Court is concerned that even if the plaintiff had been unsuccessful in all of its diligent attempts to locate the defendant, service by publication would not guarantee that he received notice and thus would not comport with due process and "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Blakely v. Continental Airlines, 164 N.J. 38, 66 (2000). The plaintiff has requested service by publication of a notice in a newspaper of general circulation in the Corpus Christi area. Even assuming the defendant no longer lives in Robstown, neither the plaintiff nor the Court can be certain that the

---

[4]Compare Griffith, supra note 3 (holding due diligence was exercised where plaintiff contacted both the Post Office and county prosecutor's office numerous times to determine the defendant's address and attempted to personally serve defendant at multiple addresses at many different times), with Gluck, supra note 3 (determining that the plaintiffs did not conduct a diligent inquiry where once the plaintiff was unable to serve the defendant at his last known address, the plaintiff failed to take additional steps to locate the defendant, including questioning his family members).

defendant is indeed in the Corpus Christi area. The only evidence indicating he is in Corpus Christi is the information the plaintiff received from the current Robstown address residents. The plaintiff has not identified any evidence corroborating this information or provided a reason why these individuals have reliable information about the defendant's whereabouts. Therefore, because the Court lacks solid evidence that the defendant lives in the Corpus Christi area and mindful that service by publication is disfavored because of its flaws in providing individuals with sufficient notice, M & D Assoc., 366 N.J. Super. at 353, the Court concludes that service of the defendant by publication in a Corpus Christi newspaper would not comply with due process.

## CONCLUSION

For the above reasons, the plaintiff's motion for an order permitting substituted service upon Mr. Bhakta by publication of a notice in a newspaper of general circulation in the Corpus Christi area is denied without prejudice.

**SO ORDERED.**

s/ Patty Shwartz
United States Magistrate Judge